[No. 2525.]

### Henry Akin *v.* The State.

1. "Local Option Law."—Penalty for the violation of the "Local Option Law" is by pecuniary fine only. No imprisonment can be imposed.
2. Same.—The Commissioners' Court of a county can acquire jurisdiction to order an election under the Local Option Law in a given precinct only by virtue of a petition, signed by at least twenty qualified voters of the precinct. Recital in the order of the court that the "election was ordered upon the petition of C. and twenty-nine others" is not sufficient to show that jurisdiction was lawfully obtained, there being nothing to show that they were voters in the precinct.
3. Same.—Without a sufficient petition the Commissioners' Court has no power to take action under the Local Option Act, and an order made by it for an election thereunder, without a sufficient petition, would be a nullity.
4. Same.—Before the State can maintain a prosecution for a violation of the Local Option Law in a prohibited district, it must show that, prior to the alleged violation, the order of the Commissioners' Court declaring the result of an authorized election had been published in the prohibited district in the manner prescribed by Article 3224, Revised Statutes.

Appeal from the County Court of Callahan. Tried below before the Hon. T. J. Austin, County Judge.

The opinion discloses the case. The penalty imposed by a

verdict of guilty was a fine of fifty dollars, and confinement in the county jail for five hours.

*J. E. Thomas,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This is a conviction for a violation of Article 378 of the Penal Code, and the judgment, for several reasons, must be reversed.

1. A part of the punishment assessed against the defendant is imprisonment in the county jail. This offense is punishable by a pecuniary fine only. (*Robertson* v. *The State,* 12 Texas Ct. App., 541; *Van Noy* v. *The State,* decided at present term, *ante,* p. 69.)

2. It is not shown by the evidence that the Commissioners' Court of Callahan county acquired in a lawful manner the jurisdiction to order the election upon the question of prohibition. This jurisdiction could only be acquired by said court upon the petition of at least twenty qualified voters of the justice's precinct. (Rev. Stats., Art. 3227; *Prather* v. *The State,* 12 Texas Ct. App., 401.) There is no evidence in the record that the Commissioners' Court, in ordering the election, based their action upon such a petition. It is recited in the order of the court ordering the election, that it was "upon the application of F. W. Chatfield and twenty-nine others." There is nothing to show that Chatfield and the twenty-nine others were qualified voters of the justice's precinct.

In Prather's case, above cited, it was said by this court: "It is the petition that confers upon the Commissioners' Court the jurisdiction to order the election. Without such petition that court would have no power to act in the matter, and an order made by it for such an election, without such petition, or upon an insufficient petition, would be a nullity, and the election held in pursuance thereof would be a nullity. If there was a petition in accordance with the requirement of law, it would be easy to produce it in evidence."

3. There is no evidence in the record that the order of the Commissioners' Court declaring the result of the election and prohibiting the sale of intoxicating liquors in that justice's precinct had been published, as is required by law. (Rev. Stats., Art. 3224.) Until such order had been published in the manner

required, prohibition could not take effect, and it devolved upon the State to prove that such publication had been made before the defendant committed the act charged in the indictment. (*Boone* v. *The State*, 10 Texas Ct. App., 418.)

We think the indictment is a good one, and that the exceptions to it were properly overruled.

Because of the errors we have specified, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 5, 1883.